IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMIKO L. STANLEY, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-cv-00555 |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | Magistrate Judge Robert C. Mitchell |
| CITY OF PITTSBURGH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

AND NOW, this 12th day of February, 2016, after the Plaintiff, Tamiko L. Stanley, filed an

action in the above-captioned case, and after an Amended Complaint was filed in response to the

dismissal without prejudice of the original Complaint [ECF No. 23], a motion to dismiss was

submitted by Defendants City of Pittsburgh and Todd C. Siegel [ECF No. 25], and after a separate

motion to dismiss was submitted by Defendants Wendy Kobee and Lourdes Sanchez Ridge [ECF

No. 27], and after a Report and Recommendation ("R&R") was filed by the United States Magistrate

Judge [ECF No. 34] granting the parties a period of time after being served with a copy to file

written objections thereto, and no objections having been filed, and upon independent review of the

motions and the record, and upon consideration of the Magistrate Judge's Report and

Recommendation[1] [ECF No. 34],

IT IS ORDERED that the motion to dismiss the Amended Complaint filed by Defendants

City of Pittsburgh and Todd C. Siegel [25] is GRANTED WITHOUT PREJUDICE. All claims

---

[1] This Court does not adopt the R&R's reference at page 11 to *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir. 1987)(*en banc*) relative to the shifting burdens analysis of *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973), for the reasons recognized by our Court of Appeals in *Seman v. Coplay Cement Co.*, 26 F.3d 428, 438 n. 13 (3d Cir. 1994).

asserted in the Amended Complaint are brought under 42 U.S.C. § 1981 alleging retaliation.[2] The claims against the City of Pittsburgh and Mr. Siegel alleged pursuant to 42 U.S.C. §1981 are dismissed without prejudice based on the decision of our Court of Appeals in *McGovern v. City of Philadelphia*, 554 F.3d 114 (3d Cir. 2009) (dismissing § 1981 claims against the city and city officials), in that there is no direct claim authorized against state actors under § 1981.[3] All such claims must be asserted only via the right of action created by 42 U.S.C. § 1983[4]. For the reasons set forth in the R&R, Plaintiff may file a Second Amended Complaint as to such claims against the City of Pittsburgh and Mr. Siegel such as may be asserted via 42 U.S.C. § 1983;

IT IS FURTHER ORDERED that the motion to dismiss the Amended Complaint filed by Defendant Wendy Kobee and Lourdes Sanchez Ridge [27] is GRANTED IN PART WITH PREJUDICE AND GRANTED IN PART WITHOUT PREJUDICE. All claims against Ms. Kobee are dismissed with prejudice. Read in a light most favorable to the Plaintiff, all of the plausible allegations as to Mr. Kobee contained in the Amended Complaint relate solely to her capacity as, and actions taken as, an Assistant City Solicitor, *e.g.* one of the lawyers representing the City of Pittsburgh in regard to claims asserted via Plaintiff's prior lawyer. There is no plausible allegation

---

[2] The Plaintiff asserts that his substantive rights under 42 U.S.C. §1981 have been infringed by retaliatory conduct of the Defendants. Section 1981 proscribes such retaliation. *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008). Our Court of Appeals requires that there be proof of underlying discrimination proscribed by §1981 to make out a § 1981 retaliation claim. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 (3d Cir. 2010). This Court agrees with the R&R that Plaintiff sufficiently pleads, albeit not as a separate claim, such impermissible racial discrimination so as to satisfy the *Oliva* rule. Thus the Court need not formally reject, out of hand, the Plaintiff's suggestion that the Court should consider *Oliva* to be anything other than the binding precedent that it is. *See Ellis v. Budget Maintenance, Inc.*, 25 F.Supp. 3d 749, 757 (E.D. Pa. 2014).

[3] As explained by the R&R, [ECF No. 34 at 16], a defendant may be liable for a violation of § 1981, but the vehicle by which a plaintiff effectuates his right to recover for such a violation is §1983. *See McGovern*, 554 F.3d. at 122 ("[W]hile § 1981 creates the *rights*, § 1983 provides the *remedy* to enforce those rights against state actors.").

[4] This same rule would be applicable as to any claims sought to be asserted against Kobee and Sanchez-Ridge.

that her actions were undertaken in retaliation for Plaintiff's allegedly protected activity. At best, the Amended Complaint asserts that she was present when others acted, and that she signed a letter as a lawyer for the City of Pittsburgh, that responded to a letter from Plaintiff's former lawyer soliciting a settlement of legal claims against the City of Pittsburgh and others, and communicated the decision of the City of Pittsburgh terminating the Plaintiff's employment. The assertions as to Kobee in the Amended Complaint are otherwise purely conclusory, [ECF No. 24] at ¶¶ 43-45. Thus, all claims against Kobee will be dismissed with prejudice.

The claims against the City Solicitor, Ms. Sanchez-Ridge, are both very thin and a closer call. The core of the Plaintiff's assertion of liability against her is that at a CLE seminar several weeks *after* the Plaintiff's termination, Ms. Sanchez-Ridge, in response to a casual question from Plaintiff's former counsel, supposedly said that the Pittsburgh Police investigated a charge against the Plaintiff made by Mr. Siegel because Plaintiff sued "us" (perhaps referring to one or more of the named Defendants inclusive of herself). Read in conjunction with the other allegations of the Amended Complaint, it is plausibly pled (barely) that by inference, Ms. Sanchez-Ridge's comment to Plaintiff's counsel referrring to "us" reflected personal involvement in a retaliatory police investigation of the Plaintiff.[5] This Court will adopt the R&R in this regard, but makes the following observations. The Plaintiff's assertions are supported by the thinnest reed of plausibility, and in making them, it would appear to the Court that Plaintiff's lawyer has made his prior lawyer a central witness in his client's case, with all of the implications of that status. *See* Pa. R. Prof. Conduct 3.7.

---

[5] Given common parlance among lawyers, it is far more plausible that "us" referred to the institutional client she represents. That, however, is not a distinction to be resolved at the motion to dismiss stage.

IT IS FURTHER ORDERED that for the reasons set forth in this Order, the Plaintiff's Amended Complaint is dismissed, but with leave to amend to the extent permitted by this Order. Plaintiff is permitted to amend[6] the Amended Complaint to set forth § 1983 claims against Defendants City of Pittsburgh, Siegel, and Sanchez-Ridge. Any such Second Amended Complaint must be filed on or before March 9, 2016. Should such Second Amended Complaint not be filed by such date, then the dismissals without prejudice as set forth in this Order shall be converted to dismissals with prejudice without further notice or Order.

IT IS FURTHER ORDERED that except to the extent amended or modified by this Order, the R&R is adopted as the Opinion of the Court.

_____
Mark R. Hornak
United States District Judge

cc: All Counsel of Record

---

[6] This will be the Plaintiff's last shot in such regards, absent the most compelling of circumstances.